**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: § <br> § <br> Nelly Nadirashvili, § <br> § <br> Debtor. § <br> § | Chapter 11 <br><br> Case No. 25-10324-AMC |

**MOTION OF THE UNITED STATES TRUSTEE
FOR STATUS CONFERENCE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order scheduling a stats conference and, in support hereof, states as follows:

1. On January 27, 2025 (the "Petition Date"), Nelly Nadirashvili (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor filed an application to retain counsel and an application to retain an accountant.

3. The Debtor has not filed any other motions or applications in its bankruptcy case.

4. The Debtor's exclusivity period has expired without any progress reflected on the docket in the case.

1

5.    The U.S. Trustee therefore requests that the Court schedule a status hearing ("Status Hearing") in-person,[1] at which time the Debtor must be prepared to address the status of the case, including addressing (i) its financial status, (ii) what progress is being made with respect to formulating a bankruptcy plan,[2] and (iii) when the plan will be filed. *See, e.g.*, 1 11 U.S.C. § 105 (1994) (providing explicit authorization for status conferences). In addition, bankruptcy judges have inherent powers.to manage their dockets. *See In re Timbers of Inwood Forest Assocs.*, 808 F.2d 363, 374 (5th Cir. 1987), cert. granted, 481 U.S. 1068, aff'd, 484 U.S. 365 (1988) ("[W]e think that each bankruptcy judge is called upon to manage the cases in front of him, fairly and impartially, in such a way as to promote their orderly and prompt disposition.").

---

[1] Debtor's counsel has appeared through admission pro hac vice and has not associated with counsel that is a member of the bar of the Eastern District of Pennsylvania. Debtor chose to avail itself of the protections of this Court and in-person appearance before this Court should not be excused due to any asserted inconvenience of the Court's location.

[2] The Debtor's Schedules of Assets and Liabilities reflect liabilities of $875,119.08, including $548,801.66 in liability for the personal guaranty of an SBA loan. *See* Docket No. 1. The Debtor's operating report for the month of April reflects $4,169 in cash balance at the end of the month, with a loss of $3,222 for the month. The Debtor's operating report for the month of May reflects $5,363 in cash balance at the end of the month, with a gain of $1,194 for the month. It is unclear how Debtor can propose a confirmable chapter 11 plan under these circumstances.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: June 6, 2025               Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov